The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>　　Plaintiffs, and<br><br>PUYALLUP TRIBE OF INDIANS, *et al.*,<br><br>　　Plaintiff-Intervenors,<br><br>　　　v.<br><br>ELECTRON HYDRO, LLC, and THOM A. FISCHER,<br><br>　　Defendants. | Case No. 2:20-cv-01746-JCC<br><br>CONSENT DECREE FOR CASE NUMBER 3:21-cv-05171-JCC<br><br>This Document Relates To:<br>Case number 3:21-cv-05171-JCC |

　　WHEREAS, Plaintiffs Communities for a Healthy Bay and Puget Soundkeeper Alliance (hereinafter "Plaintiffs") are non-profit membership organizations dedicated to protecting the natural resources of the Pacific Northwest;

　　WHEREAS, Defendant Electron Hydro, LLC (hereinafter "Defendant") owns and operates a hydroelectric facility at or near 29711 Kapowsin-Electron Reservoir Road, Orting, Washington 98360 (hereinafter "Facility");

　　WHEREAS, Defendant Thom A. Fischer is the Chief Operating Officer, Manager, and a Governor of Electron Hydro, LLC;

WHEREAS, on October 28, 2020 and November 22, 2021, Plaintiffs notified Defendants, Defendant Electron Hydro, LLC's registered agent, the Administrator of the U.S. Environmental Protection Agency (hereinafter "EPA"), the Administrator of EPA Region 10, the Director of the Washington State Department of Ecology, and others, including Mr. Thom Fischer, of alleged violations of the Clean Water Act at the Facility and of Plaintiffs' intent to sue Defendants and others for those alleged violations (hereinafter "Notice Letters");

WHEREAS, Plaintiffs allege, *inter alia*, that Defendants discharge pollutants from the Facility to the Puyallup River without authorization of a National Pollutant Discharge Elimination System permit (hereinafter "NPDES Permit");

WHEREAS, on March 9, 2021, Plaintiffs filed their Complaint in U.S. District Court for the Western District of Washington case number 3:21-cv-05171-JCC, alleging Defendant Electron Hydro is in ongoing violation of the Clean Water Act, 33 U.S.C. § 1251 *et seq*., (hereinafter "the Case" or "this Case");

WHEREAS, Plaintiffs' Complaint in this Case seeks a declaratory judgment, injunctive relief, the imposition of civil penalties, and an award of costs, including attorneys' and expert witness fees, for Defendants' alleged violations of the Clean Water Act;

WHEREAS, on April 28, 2021, the Court consolidated this Case with a Clean Water Act enforcement case filed against Defendant Electron Hydro, LLC by the United States of America in U.S. District Court for the Western District of Washington case number 2:20-cv-01746-JCC;

WHEREAS, on May 26, 2021, Plaintiffs in this Case intervened and filed a complaint in intervention in the United States' Clean Water Act case against Defendant Electron Hydro, LLC;

WHEREAS, on September 14, 2021, the Puyallup Tribe of Indians intervened in this Case on the side of Plaintiffs;

CONSENT DECREE - 2
Case No. 2:20-cv-01746-JCC

KAMPMEIER & KNUTSEN PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

WHEREAS, on February 25, 2022, Plaintiffs filed their First Amended Complaint in this Case, asserting additional alleged violations of the Clean Water Act and adding Thom A. Fischer as a Defendant;

WHEREAS, Defendants deny Plaintiffs' claims and any liability for the violations alleged in this Case;

WHEREAS, Plaintiffs and Defendants (individually a "Party" and collectively "the Parties") have engaged in discussions regarding settlement of this Case;

WHEREAS, the Parties have agreed to settlement terms, which are stated and reflected in this proposed Consent Decree, and which when entered as an order of the Court will require Defendants to comply with the Clean Water Act;

WHEREAS, the Parties agree that settlement of these matters on the terms set forth in this Consent Decree is the most expeditious means of resolving the contested issues in this Case and is in the best interest of the Parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving Plaintiffs' claims in this Case;

WHEREAS, the United States of America and Plaintiff-Intervenor the Puyallup Tribe of Indians did not participate in the Parties' settlement discussions, are not joining this Consent Decree, and will not be bound by or affected by this Consent Decree once it is entered as an Order of the Court;

WHEREAS, Plaintiffs and Defendants have each sought and obtained the advice of their own independent legal counsel before agreeing to be bound by this Consent Decree;

WHEREAS, Plaintiffs and Defendants consent to entry of this Decree without trial, adjudication, or admission of any issue of fact or law with respect to Plaintiffs' claims or allegations

CONSENT DECREE - 3
Case No. 2:20-cv-01746-JCC

KAMPMEIER & KNUTSEN PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

in this Case and without Defendants' admission of any fact, allegation, or legal argument contained in Plaintiffs' Notice Letters or the First Amended Complaint in this Case;

WHEREAS, by signing below and joining the motion to enter this Consent Decree as an Order of the Court, Defendants warrant and promise that they have and will maintain the ability to pay the amount required by Paragraph 8 of this Consent Decree; and

WHEREAS, Plaintiffs and Defendants recognize that no consent decree may be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent decree by the United States Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3); accordingly, upon the signing of this Consent Decree by the Parties, Plaintiffs shall serve copies of this Consent Decree upon the United States Attorney General and the Administrator of the U.S. EPA.

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendants of the facts, violations, or legal arguments alleged in the First Amended Complaint in this Case, and upon consent of the Parties and consideration of the mutual promises herein contained, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the Parties and subject-matter of this Case;

2. The undersigned representative for each Party certifies that he or she is fully authorized by the Party whom he or she represents to enter into the terms and conditions of this Consent Decree and to legally bind the Party or Parties and their successors in interest to it;

3. This Consent Decree shall inure to the benefit of, and be binding upon, the Parties and their successors, assigns, officials, agents, representatives, officers, directors, and employees. Changes in the organizational form or status of a Party shall have no effect on the binding nature of this Consent Decree or its applicability;

CONSENT DECREE - 4
Case No. 2:20-cv-01746-JCC

KAMPMEIER & KNUTSEN PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

4.     This Consent Decree shall take effect on the date it is entered as an Order of the Court;

5.     Defendants are subject to and shall abide by the terms and conditions of this Consent Decree;

6.     Defendants retain the right to controvert in any subsequent proceedings, other than proceedings for the purposes of implementing or enforcing this Consent Decree, any allegations of fact or law in the Notice Letters or First Amended Complaint in this Case. This Consent Decree shall not constitute or be construed as an admission or acknowledgment by Defendants of any wrongdoing or violation of any law by Defendant Thom A. Fischer or Defendant Electron Hydro, LLC, its parents, subsidiaries, or affiliates, or by any of their officers, directors, employees, agents, successors, or assigns;

7.     Within one hundred and eighty (180) days of the date this Consent Decree is entered as an Order of the Court, Defendant Electron Hydro, LLC shall submit a written application to the Washington State Department of Ecology (hereinafter "Ecology") for an individual NPDES Permit for discharges of pollutants from the Facility's powerhouse that are associated with routine Facility operations. Defendant Electron Hydro, LLC shall apply for and pursue such a permit in good faith and shall ensure to the best of Defendant's ability that all representations and documents provided to Ecology during the permitting process are accurate. Within ten (10) days of submitting the NPDES Permit application to Ecology, Defendant Electron Hydro, LLC shall forward a copy of its NPDES Permit application to Plaintiffs.

8.     Within thirty (30) days of the Effective Date of this Consent Decree, Defendants shall pay THREE HUNDRED TWENTY-FIVE THOUSAND DOLLARS AND NO CENTS ($325,000.00) to Kampmeier & Knutsen PLLC for costs and attorneys' fees incurred in representing Plaintiffs in this matter. Defendants shall make the payment required by this Paragraph 8

CONSENT DECREE - 5
Case No. 2:20-cv-01746-JCC

KAMPMEIER & KNUTSEN PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

by check made payable and delivered to Kampmeier & Knutsen PLLC, 811 First Avenue, Suite 468, Seattle, Washington 98104. Defendants shall notify Plaintiff in writing, which may be by electronic mail, when the payment required by this Paragraph 8 is made;

9. While this Consent Decree remains in force, the Parties may re-open this Case without filing fee to apply to the Court for any further order or relief that may be necessary regarding compliance with this Consent Decree or to resolve any dispute regarding this Consent Decree. Before applying to the Court under this Paragraph 9, the Parties must first seek to resolve the dispute themselves. The Party identifying or wishing to raise an issue or dispute must provide the other Party's counsel of record with written notice detailing the nature of the issue or dispute, the underlying facts, and the legal grounds for the alleged issue or dispute. Within twenty (20) days of receipt of such notice, the Parties shall confer regarding the issue or dispute and seek to develop a mutually agreed upon plan, including implementation dates, to resolve the dispute or alleged breach. If the Parties are unable to resolve the dispute, either Party may seek relief from this Court;

10. Except as provided herein, this Consent Decree shall terminate on January 1, 2023 or thirty (30) days after Defendants complete performance of all the applicable obligations set forth in Paragraphs 7 and 8 of this Consent Decree, whichever occurs later;

11. This Consent Decree constitutes a full and complete settlement of all of the type of Clean Water Act violations alleged by Plaintiffs in the Notice Letters and First Amended Complaint in this Case that occur or occurred at the Facility prior to and through the date of termination of this Consent Decree. Upon entry of this Consent Decree as an Order of the Court, Plaintiffs release Defendant Thom A. Fischer and Defendant Electron Hydro, LLC, its parents, subsidiaries, affiliates, and each of its officers, directors, shareholders, employees, agents, affiliates and consultants from (a) the claims of alleged violations of the Clean Water Act, 33 U.S.C.

CONSENT DECREE - 6
Case No. 2:20-cv-01746-JCC

KAMPMEIER & KNUTSEN PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

§ 1251 *et seq.*, stated in the Notice Letters and First Amended Complaint in this Case that occur or occurred at the Facility prior to and through the date of termination of this Consent Decree, including Plaintiffs' claims for costs and attorneys' fees in this Case, and (b) Plaintiffs' claims for costs and attorneys' fees in the United States of America's Clean Water Act case against Electron Hydro LLC in which Plaintiffs intervened, U.S. District Court for the Western District of Washington case number 2:20-cv-01746-JCC. In addition, Plaintiffs' claims in this Case—which only cover alleged violations of the Clean Water Act that occur or occurred at the Facility prior to and through the date of termination of this Consent Decree—are dismissed with prejudice. Nothing in this Consent Decree prevents or shall be construed to prevent Plaintiffs from suing Defendants or others for any violations of the Clean Water Act that occur at the Facility after termination of this Consent Decree.

12. This Consent Decree may be modified only upon the written consent of the Parties and the approval of the Court;

13. All notices and other communications regarding this Consent Decree shall be in writing and shall be fully given by sending the same via e-mail to the following addresses, or to such other email addresses as the Parties may designate by written notice:

**For Plaintiffs:**

Ms. Melissa Malott
Communities for a Healthy Bay
mmalott@healthybay.org

Mr. Sean Dixon
Ms. Katelyn Kinn
Puget Soundkeeper Alliance
sean@pugetsoundkeeper.org
katelyn@pugetsoundkeeper.org

**For Defendants:**

Mr. Thom Fischer

CONSENT DECREE - 7
Case No. 2:20-cv-01746-JCC

KAMPMEIER & KNUTSEN PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

Mr. Steve Marmon
Electron Hydro, LLC
thom@tollhouseenergy.com
smarmon@tollhouseenergy.com

14. If for any reason the Court should decline to enter this Consent Decree as an Order of the Court in the form presented, this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either Party. If voided, the Parties may resume litigation or continue negotiations in an attempt to cure any objection raised by the Court to entry of this Consent Decree;

15. If, after entry of this Consent Decree as an Order of the Court, any term, covenant, or condition of this Consent Decree is held to be invalid or unenforceable in any respect, such invalidity or unenforceability shall not affect any other provision included in this Consent Decree; and

16. This Court shall retain jurisdiction to oversee and ensure compliance with this Consent Decree.

IT IS SO ORDERED.

Dated this 20th day of May, 2022.

_____
The Honorable John C. Coughenour
United States District Judge

COMMUNITIES FOR A HEALTHY BAY

By: _____     3/3/2022
Melissa Malott, Executive Director              Date

CONSENT DECREE - 8
Case No. 2:20-cv-01746-JCC

KAMPMEIER & KNUTSEN PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

1  PUGET SOUNDKEEPER ALLIANCE

3  By: _____    March 3, 2022
   Sean Dixon, Executive Director    Date

6  ELECTRON HYDRO, LLC

7  By: _____    MAR 2, 2022
8  Thom A. Fischer, Chief Operating Officer    Date

9  THOM A. FISCHER

11 _____    MAR 2, 2022
12                                  Date

13 **Presented by:**

14 s/Paul Kampmeier
15 Paul Kampmeier, WSBA #31560
   KAMPMEIER & KNUTSEN PLLC
16 811 First Avenue, Suite 468
   Seattle, Washington 98104
17 Tel: (206) 858-6983
   Email: paul@kampmeierknutsen.com

19 *Attorneys for Plaintiffs*

20 s/ Svend A. Brandt-Erichsen
   Mr. Svend A. Brandt-Erichsen, WSBA #23923
21 NOSSAMAN LLP
   719 Second Avenue, Suite 1200
22 Seattle, Washington 98104
23 Tel: (206) 395-7632
   sbrandterichsen@nossaman.com

25 *Attorney for Defendants Electron Hydro, LLC and Thom A. Fischer*

[PROPOSED] CONSENT DECREE - 9
Case No. 2:20-cv-01746-JCC

KAMPMEIER & KNUTSEN PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983